# UNITED STATES DISTRICT COURT FOR
# THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 03-CR-117-001-TCK |
| TERRENCE ANTHONY BROWN | ) ) ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter comes before the Court on the Show Cause Order of July 31, 2018. and the Motion to Show Cause filed by the Defendant, Terrence Anthony Brown. Docs. 81, 82. In its order, the Court instructed Defendant to show cause why—pursuant to the Forensic Psychological Report produced by the Risk Assessment Panel at the U.S. Medical Center for Federal Prisoners—he should not be committed to a suitable facility for individuals suffering from a mental disease or defect. *Id*. In response, Defendant filed a document titled, "Motion to Show Cause," in which he argues that commitment under the current scenario is improper, and he requests conditional release. Doc. 82. The United States opposes Defendant's request. Doc. 84.

**I. Background**

On September 2, 2003, Defendant Terrence Anthony Brown was charged in the Northern District of Oklahoma, in Indian Country, with breaking and entering in violation of 18 U.S.C. §§ 1151 and 1153 and 21 O.S. §§ 1431 and 1435; knowingly attempting to cause an adult female to engage in a sexual act by using force and threatening and placing her in fear that she would be subjected to serious bodily injury and death, in violation of 18 U.S.C. §§ 1151, 1153, 2241(a) and 2246(2)(A), (B) and (C); breaking and entering the dwelling house of an adult female with intent

to commit some crime, in violation of 18 U.S.C. §§ 1151 and 1153 and 21 O.S. §§ 1431 and 1435; and knowingly attempting to cause an adult female to engage in a sexual act by using force against her and threatening and placing her in fear that she would be subjected to serious bodily injury and death, in violation of 18 U.S.C. §§11151, 1153, 2241 and 2246. Doc. 6.

On February 10, 2005, Defendant was remanded to the custody of the United States Attorney General pursuant to 18 U.S.C. § 4256 for an evaluation of dangerousness after being found incompetent to stand trial. Doc. 53. On July 5, 2005, the warden of the federal Medical Center in Butner, North Carolina, informed the Court that:

> It is our opinion that Mr. Brown is not suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another.
>
> * * *
>
> He remains on Seroquel 800 mg at bedtime and requires psychiatric follow-up at least once every three months for monitoring of side effects and mental status.

Doc. 58. Following a competency hearing on August 18, 2005, the Court determined that Defendant should be conditionally released to the custody of his grandmother and aunt pursuant to 18 U.S.C. § 4246(e)(2).[1] *Id.* The Court imposed conditions of release typically applied to

---

[1] 18 U.S.C. § 4246(e)(2) provides, in pertinent part:

> When the director of the facility in which a person is hospitalized pursuant to subsection (d) determines that the person has recovered from his mental disease or defect to such an extent that his release would no longer create a substantial risk of bodily injury to another person or serious damage to the property of another, he shall promptly file a certificate to the effect with the clerk of the court that ordered the commitment. . . . The court shall order the discharge of the person or, on its own motion, shall hold a hearing, conducted pursuant to the provisions of section 4247(d), to determine whether he should be released. If, after the hearing, the court finds by a preponderance of the evidence that the person has recovered from the mental disease or defect to such an extent that—
> * * *

supervised release, including a prohibition against the use of alcohol or controlled substances or paraphernalia related to such substances; urinalysis and other forms testing for illicit drug use, substance abuse treatment; participation in a program of mental health treatment, as directed by the probation officer; compliance with any mental health drug regiment prescribed by a mental health provider; participation in sex offender treatment; and residency and participation in a halfway house, psychiatric halfway house, or group home. *Id*.

On July 14, 2009, felony charges of Attempted Rape-First Degree, Forcible Sodomy and Burglary-First Degree were filed against Defendant in Osage County, Oklahoma District Court, Case No. CF-2009-195. Doc. 59. On July 23, 2009, this Court issued a warrant for Defendant's arrest for violation of the conditions of his conditional release. Doc. 60. On October 5, 2010, Defendant pleaded guilty to all counts charged against him in the state court case. Doc. 82, Exs. 5-6. He was sentenced to three 20-year terms, to run concurrently, with all but the first 10 years suspended. *Id.*, Ex. 7.

On February 20, 2018, after Defendant was released from Oklahoma prison to his federal hold, he appeared before this Court for a hearing on an Order on Conditional Release alleging he

---

> (2) his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would no longer create a substantial risk of bodily injury to another, the court shall—
>
> > *(A) order that he be conditionally discharged under a prescribed regimen of medical, psychiatric, or psychological care or treatment that has been prepared for him, that has been certified to the court as appropriate by the director of the facility in which he is committed, and that has been found by the court to be appropriate; and*
> > *(B) order, as an explicit condition of release, that he comply with the prescribed regimen of medical, psychiatric, or psychological care or treatment. . . .*

(emphasis added).

had violated his conditions of release. Doc. 77. On February 23, 2018, the Court ordered that Defendant be remanded to the custody of the United States Attorney General for an evaluation of dangerousness pursuant to 18 U.S.C. § 4246. Doc. 78.

On July 26, 2018, the Court received and filed a Forensic Psychological Report produced by the Risk Assessment Panel at the U.S. Medical Center for Federal Prisoners. Doc. 83. The Panel opined that Defendant's release would create a substantial risk of bodily injury to another person or serious damage to the property of another, and it recommended civil commitment for inpatient treatment. *Id*. On July 31, 2018, the Court ordered counsel in this case to show cause within 30 days as to why Defendant should not be committed to a suitable facility for individuals suffering from a mental disease or defect. *Id.*

In response to the Court's Show Cause order, Defendant filed a Motion to Show Cause asserting that:

- the original order releasing him under conditions of release did not comply with the statutory mandates concerning the release of inmates pursuant to 18 U.S.C. §4246;

- proceeding with revocation of the conditional discharge of Defendant under 18 U.S.C. §4246(f) would deny Defendant important Due Process rights attendant with the civil commitment process; the hearing should be conducted pursuant to §4246(d) rather than §4246(f).

- the BOP report is flawed and the information it relies upon is insufficient to warrant Defendant's commitment; and

- the proceedings in the state court are unreliable.

Doc. 82.

The government opposes Defendant's Motion to Show Cause, arguing that as recently as February 23, 2018, Defendant stipulated for purposes of the February 20, 2018, hearing on Revocation of Supervised Release, that the government would be able to show a violation of his

4

conditional release. Accordingly, it contends that the only issue before the Court is whether Defendant's release would create a substantial risk of bodily injury to another person.

## II. Analysis

### A. Applicable Standard

When the Court granted Defendant conditional release in 2005, Defendant did not challenge its reliance on 18 U.S.C. §4246(e)(2). Now, however, he contends that a district court can conditionally release a defendant under 18 U.S.C. §4246 only after he has actually been committed for dangerousness under the statute. Here, based on the Forensic Evaluation, the Court determined that Defendant did not meet the criteria for commitment pursuant to 18 U.S.C. §4246, because his release would not pose a substantial risk of bodily injury to another person or serious damage to the property of another. Defendant also argues that because no "prescribed regimen of medical, psychiatric and psychological care or treatment" was ever prepared by the federal medical center and imposed by the Court, a hearing consistent with § 4246(d) rather than §4246(f), must be conducted, and the government should bear the burden of showing by clear and convincing evidence that civil commitment is warranted.

Under 18 U.S.C. §4246(f), the Court may revoke a conditional discharge if (1) the defendant has failed to comply with his prescribed regimen of medical, psychiatric or psychological treatment and (2) the Court, after a hearing, determines that, in light of his failure to comply with the prescribed regimen, his continued release would create a substantial risk of bodily injury to another person or serious damage to property of another. *Id.*

In contrast, 18 U.S.C. § 4246(d) states:

If, after the hearing, the Court finds by *clear and convincing evidence* that the person is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or

5

serious damage to the property of another, the court shall commit the person to the custody of the Attorney General . . . .

\* \* \*

[T]he Attorney General shall hospitalize the person for treatment in a suitable facility, until—

\* \* \*

(2) the person's mental condition is such that his release, or his conditional release under a prescribed regimen of medical, psychiatric, or psychological care or treatment would not create a substantial risk of bodily injury to another person or serious damage to property of another.

(emphasis added).

Counsel for Plaintiff argues that since he was never adjudged to be a "substantial risk" under § 4246(d), he cannot be held accountable under § 4246(f), and he is entitled to a hearing which places the burden on the government to show substantial risk by clear and convincing evidence.

The Court concurs with Defendant. Accordingly, Defendant's Motion to Show Cause (Doc. 82) is granted in part. Specifically, the Court will conduct a hearing pursuant to 18 U.S.C. § 4246(d), and the government will be required to show by clear and convincing evidence that civil commitment is warranted.

The show cause hearing is hereby set for September 18, 2019 at 9:30 a.m.

ENTERED this 24th day of June, 2019.

TERENCE KERN
**United States District Judge**